UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN G. BERMUDEZ, : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:14-0886 |
| v. : | |
| : | (Judge Mannion) |
| GENE BERDANIES, Warden, : | |
| et al., | |
| Respondent : | |

## **MEMORANDUM**

**BACKGROUND**

Plaintiff, Juan Bermudez, an inmate formerly confined in the Schuylkill County Prison, Pottsville, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Along with the filing of his complaint, Jones has submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 2). The named Defendants are Warden Gene Berdanies, Deputy Warden David Whapinsky and Captain Flanery.

By Order dated October 20, 2014, this Court directed Plaintiff to comply with Fed. R. Civ. P. 11(a), and file a signed complaint. (Doc. 6).

On October 31, 2014, this Court's October 20, 2014 Order, served on

Plaintiff at the Schuylkill County Prison, was returned as undeliverable. (Doc. 7). A subsequent telephone inquiry to the Schuylkill County Prison by this Court revealed that Bermudez was released on June 6, 2014. For the reasons set forth below, the Court will dismiss Plaintiff's action for failure to prosecute.

**Discussion**

District courts have the inherent power to dismiss an action for failure to prosecute, *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir.2003). However, the factors "should be

weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Bermudez's last communication with this Court was the filing of his motion to proceed *in forma pauperis*, on May 8, 2014. (See Doc. 2). Bermudez has not communicated with the court since the filing of this motion. The record clearly indicates that he has been released from the Schuylkill County Prison. Thus, it is reasonable to conclude that Bermudez has abandoned this suit. Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed. An appropriate order shall issue.

                                                s/ *Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States District Judge**

**Dated: November 6, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0886-01.wpd